United States District Court
Southern District of Texas
**ENTERED**
July 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CATHERINE A. LYDIA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-115 |
| § | |
| COASTAL HOME HEALTH CARE, *et al*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND RECCOMMENDATION**

Plaintiff, Catherine A. Lydia, brings this employment discrimination case against Coastal Home Health Care and Legacy Home Health Care alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). (D.E. 1). Pending is Legacy Home Health Care's ("Defendant") 12(b)(6) Motion to Dismiss. (D.E. 6). Plaintiff failed to file a timely response and, in accordance with Local Rule 7.4, failure to file a response is taken as a representation of no opposition. For the reasons stated below, it is respectfully recommended that the Court **GRANT** Defendant's Motion to Dismiss for Failure to State a Claim.

### **I.    JURISDICTION**

The Court has federal question jurisdiction over this Title VII action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 2).

## II.   BACKGROUND

Around the end of July 2018, Plaintiff was employed by Coastal Home Health Care as a "Special Attendant" assigned to the Medical Records Room. (D.E. 1, Page 5). After working for seven months in this role, Plaintiff claims she "totally reorganized and brought the Medical Records Room into compliance." (D.E. 1, Page 5). In February 2019, Plaintiff alleges she approached her supervisor, Angie Flores, about her interest in an open coordinator position. (D.E. 1, Page 5). Plaintiff then claims her supervisor subsequently hired and trained a series of Hispanic employees for the coordinator position and that each of those employees would then leave after a couple of weeks on the job. (D.E. 1, Page 5). In April 2019, Plaintiff alleges she approached her supervisor again to be considered for the open coordinator position. (D.E. 1, Page 5). Plaintiff also spoke with a human resources officer and the office manager, alleging she felt she was being discriminated against based on her race. (D.E. 1, Page 5). Plaintiff then claims her supervisor began intrusively monitoring her activities, forcing her to resign on June 21, 2019. (D.E. 1, Page 6).

On September 20, 2019, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") against Coastal Home Health Care claiming she was discriminated by her supervisor on the basis of race, color, and retaliation. (D.E. 1, Pages 1, 5). On January 30, 2020, Plaintiff received a Notice of Right to Sue letter issued by the EEOC. (D.E. 1, Pages 1, 7). In this letter, the EEOC determined it was "unable to conclude that the information obtained establishes violations of the statutes. [But] [t]his [finding] does not certify that the respondent is in compliance with the statutes." (D.E. 1, Page 7). On April 27, 2020, Plaintiff filed the pending Title VII action against Coastal Home Health Care alleging employment discrimination on the basis of race, also naming "Legacy Home Health

Care" as an additional Defendant. (Case No. 2:20-mc-718 and Case No. 2:20-cv-115, D.E. 1, Pages 1-3, 9).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). However, when a complaint is attacked by a Rule 12(b)(6) Motion, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000). In considering a Motion to Dismiss, "the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). Further, it has been established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (citation omitted).

Additionally, a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Further, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The

Supreme Court has explained that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**IV. DISCUSSION**

Employment discrimination plaintiffs must exhaust all administrative remedies before pursuing claims in federal court. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (citations omitted); *see also Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018) ("Title VII plaintiffs are required to exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination") (citation omitted). Exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao*, 96 F.3d at 788-89 (citations omitted). Additionally, Title VII establishes that claimants have 90 days to file a civil action after receipt of such a notice from the EEOC. *Id.* at 789. The requirement to file the lawsuit within the 90 day limitation period is strictly construed. *Id.* (citations omitted). Further, even though filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Id.* (citing *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863-64 (5th Cir. 1983)).

Here, it is clear Plaintiff failed to exhaust all of her administrative remedies before pursuing her claim against Defendant Legacy Home Health Care. In the charge of discrimination filed with the EEOC, Plaintiff named only "Coastal Home Health Care

Services." (D.E. 1, Page 5). Further, other than being listed as an "additional Defendant," Plaintiff's complaint and supplemental documentation makes no reference nor pleads any factual allegations suggesting she has exhausted her administrative remedies as to Defendant Legacy Home Health Care. (D.E. 1). Further, Plaintiff claims June 21, 2019, was the latest date the alleged discrimination took place which gave her until December 18, 2019, under the 180-day limitation period to file a timely discrimination charge with the EEOC against Defendant Legacy Home Health Care. (D.E. 1, Page 5). There is no allegation she did so. Therefore, it is recommended that the Plaintiff has failed to state sufficient facts proving a plausible claim entitling her to relief against Defendant Legacy Home Health Care.

## V.     RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Defendant's Motion be **GRANTED**. (D.E. 6).  An order setting deadlines applicable to Plaintiff and Defendant Coastal Home Health Care will be entered by separate order.

ORDERED this 7th day of July, 2020.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).