United States District Court
Southern District of Texas
**ENTERED**
February 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CATHERINE A. LYDIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-115 |
| | § | |
| COASTAL HOME HEALTH CARE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMEDATION

This is a race discrimination case brought by Catherine Lydia against her former employer Restorative Health Services LLC d/b/a Coastal Home Health Care ("Coastal"). Pending is Defendant's Motion for Summary Judgment. (D.E. 19). Plaintiff, proceeding *pro se*, failed to file a response and, in accordance with Local Rule 7.4, her failure to file a response is taken as a representation of no opposition to the Motion.[1] This matter was referred to the undersigned for case management and for making recommendations as to all dispositive motions. (D.E. 2); 28 U.S.C. § 636. For the reasons set forth below, it is respectfully recommended Defendant's Motion for Summary Judgment be **GRANTED** and this case be **DISMISSED**.

## I.      FACTUAL BACKGROUND

Plaintiff worked as a "Special Attendant" for Coastal from July 2018 through June 21, 2019. (D.E. 19-1, Pages 46-49 and D.E. 19-4, Pages 2-3). Her job responsibilities included

---

[1]Plaintiff was advised on multiple occasions, both at a hearing and in a written order, that her case may be dismissed if she failed to follow the Federal Rules of Civil Procedure by complying with all deadlines and orders of the Court and responding in a timely manner to all motions. (D.E. 18 and Hearing 11/19/20). Further, one Defendant was previously dismissed when Plaintiff failed to file a response to a Motion to Dismiss. (D.E. 11 and D.E. 13). Plaintiff's failure to respond to that motion was also taken as a representation of no opposition. (D.E. 11 and D.E. 13).

providing home care services for patients and/or completing administrative tasks including organizing Coastal's medical records room.  (D.E. 19-1, Pages 6 and 19; and D.E. 19-4, Pages 2-3 and 6).  Plaintiff acknowledges she received, reviewed and signed Coastal's employee handbook when she was first hired which includes a grievance policy against discrimination and harassment.  (D.E. 19-1, Pages 9-10 and Pages 37-43).

On February 19, 2019, Angelica Flores was hired as a "Lead Personal Assistance Services (PAS) Coordinator."  (D.E. 19-4, Page 3 and D.E. 19-6, Page 1).  In this role, she did not have the authority to hire, fire, promote, reassign or change the benefits of any Coastal employee.  (D.E. 19-1, Pages 12-13 and 20; D.E. 19-4, Page 3; and D.E. 19-5, Page 2).  During the relevant time period, these decisions were made by Clarissa Navarro (Administrator), Downey Sanchez (Human Resources) and Norma Barker (Director of Nursing).  (D.E. 19-4, Page 2 and D.E. 19-5, Page 2).

To be considered for an available position at Coastal, all interested persons must submit an application even if they are currently a Coastal employee.  (D.E. 19-1, Pages-17; D.E. 19-4, Page 2; and D.E. 19-5, Page 2).  On June 12, 2019, Plaintiff told the Director of Nursing, Norma Barker, and Marco Watts, a human resources employee, that she was interested in obtaining a PAS coordinator position.  (D.E. 19-5, Pages 2-3 and 5-6).  Prior to this meeting, Navarro, Sanchez and Barker were not aware Plaintiff was interested in a PAS coordinator position.  (D.E. 19-4, Pages 3 and 24-25 and D.E. 19-5, Pages 2-3 and 5-6).  Plaintiff never applied for a PAS coordinator position during her employment with Coastal.  (D.E. 19-1, Page 14).  On June 21, 2019, Plaintiff was assigned to attend to a patient in Rockport, Texas but, as she was concerned her vehicle was unreliable, she asked to stay and service patients in Corpus

Christi.  (D.E. 19-1, Pages 7-8).  Plaintiff was told by Flores that she had to attend to the Rockport client.  (D.E. 19-1, Pages 7-8).  As a result, Plaintiff resigned her employment the same day because she did not trust her vehicle to make it to and from Rockport.  (D.E. 19-1, Pages 7-8, 33-36 and 44 and D.E. 19-4, Pages 3 and 22).  While Plaintiff expressed dissatisfaction with working with Flores in one of her resignation documents, Plaintiff made no allegations of discrimination in her resignation materials nor did she file a grievance despite knowing how to do so.  (D.E. 19-1, Pages 9-10, 33-36 and 44-45).

On July 9, 2019, a little over two weeks after her resignation, Plaintiff made an allegation of race discrimination against Flores only.  (D.E. 19-1, Pages 15, 26-27, 44-45 and D.E. 19-7).  Specifically, Plaintiff alleges Flores discriminated against her by not hiring her as a PAS coordinator and by closely monitoring and criticizing her work during the week prior to her resignation.  (D.E. 19-1, Pages 17-18, 21-22 and 28-31).  Plaintiff testified Flores never used any racial slurs or called her any demeaning terms or names and did not assign her any tasks different from other employees.   (D.E. 19-1, Pages 28-29).   Immediately after the allegation was made, Navarro, Coastal's Administrator, investigated, conducting interviews of Plaintiff and at least four of her coworkers in July 2019.  (D.E. 19-4, Pages 3-4).  During the course of her investigation, on July 16, 2019, Navarro spoke with Plaintiff and offered her a PAS Coordinator or Electronic Visit Verification position (EVV) in an office where she would not need to interact with Flores on a regular basis, which Plaintiff declined.  (D.E. 19-4, Pages 4 and 36 and D.E. 19-1, Pages 13 and 18).  Navarro completed her investigation and concluded Plaintiff's allegations were unsubstantiated.  (D.E. 19-4, Page 4).

Plaintiff filed a charge of discrimination with the Equal Opportunity Commission on September 20, 2019 and received a Notice of Right to Sue on January 30, 2020. (D.E. 1, Pages 4-11). Plaintiff filed the pending action on April 24, 2020, alleging she had been discriminated against because of her race, requesting to be reemployed and promoted. (Case No. 2:20-mc-718, D.E. 1).

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56; *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (Refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547,

549 (5th Cir. 1987) (Stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56; *Anderson*, 477 U.S. at 248.  The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## III.   EMPLOYMENT DISCRIMINATION

To prevail on her discrimination claims, a plaintiff may present a case of discriminatory intent by direct or circumstantial evidence, or both.  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).  "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption."  *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (citation omitted).   If direct evidence of discrimination exists, no further evidence is required.  *Kelly v. Costco Wholesale Corp.*, 632 F. App'x 779, 782 (5th Cir. 2015) (citation omitted).   If a Plaintiff produces only circumstantial evidence to prove discrimination, her claim is analyzed under the burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

Absent direct evidence, the *McDonnell Douglas* analysis proceeds through three, burden shifting steps.  *Ray v. United Parcel Serv.*, 587 F. App'x 182, 188-89 (5th Cir. 2014).   To establish a prima facie case of race discrimination, the plaintiff must show:  (1) she belongs to a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably.  *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *see also Wesley v. Gen. Drivers, Warehousemen and Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011).

If Plaintiff successfully establishes a *prima facie* case of discrimination, a presumption of discrimination arises and the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the employment action taken against the Plaintiff.  *See Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *McDonnell Douglas*, 411 U.S. at

802).  The burden on the employer at this stage is one of production, not persuasion and does not involve a credibility assessment.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142 (2000); *see also Alvarado*, 492 F.3d at 611.

If Defendant satisfies this burden, the burden shifts back to the Plaintiff who must prove "the legitimate reasons offered by the Defendant were not its true reasons, but were a pretext for discrimination" or, alternatively, that the Defendant's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the Plaintiff's protected characteristic.  *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000)(citing *Reeves*, 530 U.S. at 139); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005); *see also McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). "[T]he plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *Id.*

## IV.   ANALYSIS[2]

Plaintiff has produced neither direct or circumstantial evidence of any discrimination. The Fifth Circuit "has consistently held that an employee's 'subjective belief of discrimination' alone is not sufficient to warrant judicial relief."  *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001) (citation omitted).  Plaintiff must show her race was a motivating factor in an employment decision.  *Easterling v. Tensas Parish Sch. Bd.*, No. 16-30532, 2017 WL 1065531, at *3-4 (5th Cir. Mar. 20, 2017); *see also Smith v. City of St. Martinville*, 575 F.

---

[2]In the pending Motion, Coastal also addresses possible claims of hostile work environment, constructive discharge, retaliation and backpay damages in addition to the allegation of race discrimination.  (D.E. 19, Pages 14-27).  Reviewing Plaintiff's complaint and considering her failure to respond to the pending Motion, the undersigned declines to specifically address these additional claims.  While they are tangentially raised in Plaintiff's EEOC complaint, she asserts only a claim of race discrimination in the complaint before this Court regarding the failure to promote her to a PAS Coordinator position at Coastal.  (D.E. 1).  However, reviewing the evidence submitted in this case and Coastal's arguments, it is clear Plaintiff would not succeed on these additional claims if they were raised.

App'x 435, 439 (5th Cir. 2014) (citations omitted).  Bare allegations of race discrimination, without more, are insufficient to create a genuine dispute as to material fact.  *Smith*, 575 F. App'x at 439 (citing *Giles v. City of Dallas*, 539 F. App'x 537, 545 (5th Cir. 2013)).  By failing to respond to the pending Motion for Summary Judgment, Plaintiff has failed to produce any evidence of discrimination.

In reviewing the evidence submitted by Coastal, Plaintiff admits she never submitted an application for any PAS Coordinator position and she has submitted no evidence that her application, if she had applied, would have been futile. *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017) (quoting *Shackleford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999) (Failure to promote claims are barred unless a plaintiff demonstrates an application would have been a futile gesture which requires a showing that plaintiff was deterred by a known and consistently enforced policy of discrimination)).  Every Coastal PAS Coordinator hired during the relevant time frame submitted an application for the position. Flores, the only Coastal employee Plaintiff alleges discriminated against her, did not have the authority to hire, fire, promote, reassign or change the benefits of any Coastal employee. Further, on July 16, 2019, Navarro spoke with Plaintiff and, even though Plaintiff had not submitted an application, Navarro offered her a PAS Coordinator position which Plaintiff declined.  In short, Plaintiff makes a number of allegations in her complaint that she has not supported with any evidence.  She cannot successfully complain she was discriminated against because she was not promoted when she never applied for a promotion as required and then turned down the promotion when it was offered.  Further, Plaintiff has not substantiated any of her claims of race discrimination against Flores.  Plaintiff testified Flores never used any racial

slurs or called her any demeaning terms or names and did not assign her any tasks different from other employees.  Plaintiff testified she felt she was being discriminated against because she felt Flores, during the week prior to her resignation, monitored and criticized her work. This is clearly insufficient to rise to racial discrimination.  *Auguster*, 249 F.3d at 403.  Instead, the evidence shows Plaintiff quit her job simply because she did not get along with Flores and did not want to drive to Rockport as assigned on the day she voluntary resigned.

## V.      RECOMMENDATION

Therefore, the undersigned respectfully recommends that Defendant's Motion for Summary Judgment be **GRANTED** (D.E. 19) and this case be **DISMISSED** with prejudice.

Respectfully submitted this 10th day of February 2021.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.   Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).